**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUINCY C. BROWN, | Civil Action No. 17-10687 (ES) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| JOHN POWELL, | |
| Respondent. | |

**SALAS, DISTRICT JUDGE**

It appearing that:

1. This matter is before the Court upon the submission of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by Quincy C. Brown ("Petitioner"). (D.E. No. 7 (the "Petition")).

2. At the time he filed an initial petition, Petitioner was an inmate confined at South Woods State Prison in Bridgeton, New Jersey. (D.E. No. 1).

3. On November 30, 2017, the Court entered an Order administratively terminating the matter because Petitioner neither prepaid the $5.00 filing fee as required by Local Civil Rule 54.3(a), nor submitted an application to proceed *in forma pauperis*. (D.E. No. 2); *see* L. Civ. R. 81.2(b).

4. In response to that Order, Petitioner submitted an amended petition. (D.E. No. 3). Petitioner, however, still failed to submit the filing fee or a complete an *in forma pauperis*

application; and the Court once again entered an administrative termination order. (D.E. No. 4).

5. On March 23, 2018, Petitioner submitted the Petition (D.E. No. 7) and the required $5 filing fee, but it was inadvertently filed in a new case. *See Brown v. Attorney General*, Civil Action No. 18-4785.

6. On April 24, 2018, the Court entered an Order directing the Clerk to file the Petition as an amended petition in the instant case, but also administratively terminating the instant case because Petitioner failed to update his address after his release from prison on April 9, 2018. (D.E. No. 6).

7. On May 23, 2018, Petitioner updated his address with the Court. (D.E. No. 8). The Court then re-opened this case and entered an Order to Answer. (D.E. No. 9).

8. On September 13, 2018, as permitted by the Order to Answer, Respondent filed a Motion to Dismiss the Petition on Timeliness Grounds. (D.E. No. 11, Respondent's Motion ("Mot.")). Petitioner did not file any opposition.

9. In the Petition, Petitioner challenges his 2010 state-court conviction for first-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35–5a(1); third-degree possession of cocaine, N.J.S.A. 2C:35–10a(1); third-degree possession of marijuana with intent to distribute, N.J.S.A. 2C:35–5a(1); and fourth-degree possession of marijuana, N.J.S.A. 2C:35–10a(3). Petitioner was convicted after a jury trial and sentenced to a sixteen-year prison term with a parole ineligibility period of eight years; and a concurrent four-year term with a two-year parole ineligibility period. *State v. Brown*, No. A-2188-10T3, 2012 WL 2196579, at *1 (N.J. Super. Ct. App. Div. June 18, 2012). The court also

imposed penalties in addition to an aggregate driver's license suspension of forty-eight months. *Id.*

10. Petitioner appealed and the Appellate Division affirmed the conviction, but remanded for the lower court to modify the license suspension to twenty-four months instead of forty-eight. *Id.* Petitioner filed a petition for certification, which was denied by the New Jersey Supreme Court on December 13, 2012. *State v. Brown*, 56 A.3d 690 (N.J. 2012). Petitioner did not file a petition for writ of certiorari with the Supreme Court of the United States at this time.

11. On January 10, 2013, Petitioner filed a petition for post-conviction relief ("PCR"). (Mot., Ex. 7). The PCR court denied relief on May 13, 2014, and Petitioner filed an appeal on October 2, 2014. (*Id.*, Exs. 8 & 9). The Appellate Division denied his appeal on June 8, 2016, *State v. Brown*, No. A-1048-14T2, 2016 WL 3172866 (N.J. Super. Ct. App. Div. June 8, 2016); and on June 17, 2016, Petitioner filed a petition for certification with the New Jersey Supreme Court (Mot., Ex. 11). On September 28, 2016, the New Jersey Supreme Court denied the petition for certification. *State v. Brown*, 151 A.3d 980 (N.J. 2016). On December 21, 2016, Petitioner filed a petition for a writ of certiorari with the United States Supreme Court, which the Court denied on March 27, 2017. *Brown v. New Jersey*, No. 16-7687 (2017). Petitioner then filed the Petition, which is postmarked November 1, 2017.[1] (D.E. No. 1).

---

[1] For purposes of a statute of limitations inquiry, "a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir.1998); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n. 2 (3d Cir.2013) (describing the prisoner mailbox rule generally). The Court assumes for purposes of this Opinion that Petitioner delivered the Petition to prison officials on the day the envelope is postmarked.

12. The governing statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is found at 28 U.S.C. § 2244(d), which states in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]. . .
> >
> > (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); *see also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

13. Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination, first, of when the relevant judgment became "final;" and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." *Id.* The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012).

14. The AEDPA limitations period is tolled, however, during any period a properly filed PCR petition is pending in a state court. 28 U.S.C. § 2244(d)(2); *see also Thompson v. Adm'r New Jersey State Prison*, 701 F. App'x 118, 121 (3d Cir. 2017); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013). The PCR petition is considered to be pending, and the AEDPA limitations period continues to be tolled, during the time the

4

petitioner could have appealed a PCR decision within the state courts, even if the petitioner did not in fact file such an appeal. *Carey v. Saffold*, 536 U.S. 214, 219–21 (2002); *Swartz v. Meyers*, 204 F.3d 417, 420–24 (3d Cir. 2000) (citing *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)). If the petitioner files an untimely appeal that a state appellate court nonetheless addresses on its merits, AEDPA tolling resumes upon the untimely appeal's filing, but the period between the deadline for a timely appeal and the actual filing of the untimely appeal is not tolled. *See Evans v. Chavis*, 546 U.S. 189, 191, 197, 200–01 (2006) (citing *Saffold*, 536 U.S. at 219–21); *Douglas v. Horn*, 359 F.3d 257, 263 (3d Cir. 2004) (rejecting the notion that by "filing a nunc pro tunc petition for leave to appeal a petitioner could obtain further tolling after the time for even discretionary review of a judgment has expired"); *Thompson*, 701 F. App'x. at 121–22 ("[A]n application is pending during the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law.") (internal quotation marks omitted)); *Swartz*, 204 F.3d at 424 n.6 ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation.").[2] Finally, "[t]he application for state postconviction review is therefore not 'pending' after the state court's postconviction

---

[2] *See also*, *e.g.*, *Harris v. Nogan*, No. 17–259, 2017 WL 5725054, at *3–5 (D.N.J. Nov. 28, 2017) (counting days between timely appeal deadline and untimely appeal filing towards AEDPA limitations period), *aff'd sub nom Harris v. Attorney Gen. of the State of N.J.*, No. 18-1037 (3d Cir. Apr. 20, 2018) (denying certificate of appealability); *Alvarenga v. Lagana*, No. 13–4604, 2016 WL 3610156, at *1 (D.N.J. July 1, 2016) ("When an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of time to appeal and when the appeal was actually filed."), *aff'd sub nom Alvarenga v. Admin N. State Prison*, No. 16–3538 (3d Cir. Dec. 14, 2016)(denying certificate of appealability); *Comer v. Johnson*, No. 17-1005, 2018 WL 1469052, at *5 (D.N.J. Mar. 26, 2018) (same); *Rullan v. New Jersey*, No. 15-140, 2018 WL 1378692, at *2 (D.N.J. Mar. 19, 2018) (same).

review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

15. Here, Petitioner's judgment became final on March 13, 2013, when the ninety-day period for filing a petition for writ of certiorari with the United States Supreme Court on direct appeal expired. *See Brown*, 56 A.3d 690. But because he had already filed his PCR Petition on January 10, 2013, his one-year statute of limitations period did not begin to run and instead was statutorily tolled. *See* 28 U.S.C. § 2244(d)(2). On May 13, 2014, the PCR court denied his petition and thus he had 45 days to file his notice of appeal. *See* N.J. Ct. R. 2:4-1(a). When he failed to do so, the statute of limitations period once again began to run on June 28, 2014. On October 2, 2014, 96 days after his one-year limitations period ran, he filed his notice of appeal with the Appellate Division, which again tolled the limitations period. When the New Jersey Supreme Court denied his petition for certification on September 28, 2016, his limitations period began running again, and continued until it expired 269 days later on June 26, 2017.[3] As a result, the habeas Petition he filed in November 2017 was slightly over four months late.[4]

16. In *Holland v. Florida*, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649–50 (2010); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been

---

[3] As suggested above, the petition for certiorari Petitioner filed with the United States Supreme Court did not toll the statute limitations period. *See Lawrence*, 549 U.S. at 332.

[4] Even if the Court did not consider the 96 days that elapsed between the denial of Petitioner's PCR petition and the filing of his PCR appeal with the Appellate Division, the limitations period would have expired on September 28, 2017. The habeas Petition filed in November 2017 would therefore still be untimely.

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Jenkins*, 705 F.3d at 89.

17. The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 560 U.S. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted); *see also Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies"). Reasonable diligence must be considered in light of the particular circumstances of the case. *See Ross*, 712 F.3d at 799; *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.") (internal quotation marks and citations omitted).

18. The court also must determine whether extraordinary circumstances exist to warrant equitable tolling: "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney generally do not present an extraordinary circumstance meriting equitable tolling. *Holland*, 560 U.S. at 651 (citations omitted); *see also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate

7

and bring his claims." *LaCava*, 398 F.3d at 275–276; *see also Holland*, 560 U.S. at 648–49 (citing *Pace*, 544 U.S. at 418); *Jenkins*, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair" (citations omitted)).

19. In the Petition, Petitioner fails to set forth any basis for the equitable tolling of the limitations period; he did not file a response to Respondent's Motion to Dismiss; and the Court discerns no other basis for tolling.

20. According to the certificate of service filed by Respondent, however, it appears the Motion may have been served on Petitioner at his old address in prison. (D.E. No. 11-1). Accordingly, while the Court will still dismiss the Petition at this time, it will also give Petitioner a 30-day period to submit arguments for equitable tolling of the statute of limitations. The Court will retain jurisdiction for that 30-day period and will reopen the matter in the event Petitioner submits an equitable tolling argument. The Court will dismiss the Petition with prejudice if no argument for equitable tolling is received within that 30-day period.

21. AEDPA provides that an appeal may not be taken to the Court of Appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The Court denies a certificate of appealability because "jurists of reason" would not find the untimeliness of the Petition to be debatable. *See id.*

22. An appropriate order follows.

                                               *s/Esther Salas*
                                             **Esther Salas, U.S.D.J.**